[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The motion before this court raises the issue whether a suit brought to enforce obligations arising under a statutory bond is subject to the provisions of P.B. § 236, which authorizes a plaintiff to require a defendant to disclose a defense.
In its complaint, the plaintiff alleges that it supplied materials to a subcontractor for a construction project as to which the general contractor, Atlas Construction Co. and Insurance Company of North America ("INA"), executed a labor and material bond for the protection of all persons supplying labor and materials. The bond was executed in connection with a renovation project at Amity Regional High School.
The plaintiff alleges that it has not been paid by the subcontractor to whom it furnished material and that it has served a notice of its claim on INA "in accordance with Connecticut General Statutes § 49-42." (Complaint, at ¶ 8.)
Practice Book § 236 provides that
 [i]n any action to foreclose or discharge any lien or to quiet title, or in any action upon any written contract, the plaintiff may at any time file and serve in accordance with Sec. 120 a written demand that such attorney present to the court . . . a writing signed by him stating whether he has reason to believe and does believe that there exists a bona fide defense to the plaintiff's action and whether such defenses will be made, together with a general statement of the nature or substance of such defense.
Bonds are, in general, undertakings in the nature of contracts, see 12 Am.Jur.2d Bonds § 2, and it may be, therefore, that a purely contractual bond would be subject to the provisions of Practice Book § 236. The bond at issue in the case before this court is, however, a statutory bond required by General Statutes § 49-41 because the construction project at issue was the alteration or repair of a public building. Consequently, the plaintiff's action for enforcement of the debt it claims to be owed by a subcontractor is not brought on the bond contract as a third party beneficiary of that contract, but is a statutory enforcement action brought pursuant to General Statutes § 49-42, which provides that CT Page 9190 persons who have furnished labor or materials for a project subject to General Statutes § 49-41 may enforce their right to payment under the bond by serving a notice of claim and then "bring[ing] action upon this payment bond in the superior court for such sums."
An action to enforce such a payment bond is a privileged action pursuant to General Statutes § 49-42 and, unlike a contract action, gives rise to recovery of attorney's fees.
Until 1978, the demand for disclosure of defense could be made in any type of action. Moller and Horton, ConnecticutPractice Book Annotated, at 416. The limitation of this procedure after 1978 to specific kinds of claims indicates that other kinds of actions not listed in Practice Book § 236 as amended after 1978 are not subject to demands for disclosure of defense. Actions to enforce public works bonds are not among the types of actions as to which this procedure was specifically retained.
The plaintiffs' statutory action upon a public works performance bond is not an "action upon a written contract" pursuant to P.B. § 236, but a statutory action with procedures and remedies prescribed by General Statutes § 49-42. It is therefore not subject to the procedures of P.B. § 236.
The defendant's objection to the plaintiffs' demand for disclosure of defense is sustained.
Beverly J. Hodgson Judge of the Superior Court